Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| CARLOS COLLAZO MUÑIZ<br><br>Peticionario<br><br>v.<br><br>NEW FASHION WORLD CORPORATION H/N/C ALISS Y OTROS<br><br>Recurridos | KLCE202301200 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso número: MZ2023CV01569<br><br>Sobre: Derecho Laboral, Procedimiento Sumario, Ley Núm. 2 de 17 de octubre de 1961, según enmendada |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

Comparece la parte peticionaria, Carlos Collazo Muñiz, mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución y Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, el 20 de octubre de 2023. Mediante el referido dictamen, el foro primario se declaró con jurisdicción sobre la parte recurrida, New Fashion World Corporation h/n/c ALISS, y le concedió un término perentorio de cinco (5) días para presentar su alegación responsiva.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se revoca el dictamen recurrido. Veamos.

## I

El 8 de septiembre de 2023, Carlos Collazo Muñiz (peticionario) radicó una *Querella*, a tenor con el procedimiento sumario para reclamaciones laborales dispuesto en la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* (Ley Núm. 2-1961), en contra de

Número Identificador

SEN2023 _____

New Fashion World Corporation h/n/c ALISS (recurrido o patrono).[1] Posteriormente, el 15 de septiembre de 2023, fue diligenciado el emplazamiento del recurrido mediante entrega de copia a la agente autorizada Frances Rodríguez, identificada en el documento por el emplazador como gerente de la referida corporación.[2]

Por su parte, el 25 de septiembre de 2023, el recurrido instó una *Moción de Desestimación al Amparo de la Regla 10.2 de las de Procedimiento Civil*.[3] En esencia, arguyó que Frances Rodríguez no era gerente de su establecimiento y que esta no había recibido el documento en cuestión físicamente, por lo que no se cumplió con el acto de entrega personal requerido en el diligenciamiento del emplazamiento. Alegó que lo anterior constituía una violación al debido proceso de ley, lo cual ameritaba que el foro primario decretara la nulidad del emplazamiento, desestimara la *Querella* sin perjuicio y ordenara un nuevo emplazamiento.

En desacuerdo, el 26 de septiembre de 2023, el peticionario se opuso.[4] Argumentó que la parte recurrida fue debidamente emplazada y que el término jurisdiccional con el que esta contaba para presentar su alegación responsiva había vencido el 25 de septiembre de 2023. Especificó que el patrono tenía un término de diez (10) días para presentar su contestación a la acción de epígrafe o una moción en la cual expusiera bajo juramento las razones que tuviere para solicitar una prórroga, lo cual no hizo.

Posteriormente, el recurrido presentó una réplica,[5] mientras que, por su parte, el peticionario duplicó.[6] Aún en desacuerdo, la parte recurrida replicó nuevamente.[7]

Evaluadas las posturas de las partes, el 20 de octubre de 2023, el Tribunal de Primera Instancia emitió la *Resolución y Orden* que nos ocupa.[8]

---

[1] Apéndice 1 del recurso, págs. 1-10.
[2] Apéndice 2 del recurso, págs. 11-12.
[3] Apéndice 6 del recurso, págs. 19-30.
[4] Apéndice 7 del recurso, págs. 38-46.
[5] Apéndice 8 del recurso, págs. 49-54.
[6] Apéndice 9 del recurso, págs. 57-64.
[7] Apéndice 10 del recurso, págs. 69-74.
[8] Apéndice 11 del recurso, págs. 75-77.

Determinó que había adquirido jurisdicción sobre la parte recurrida. A su vez, le concedió a esta un término perentorio de cinco (5) días para presentar su alegación responsiva, so pena de la anotación de rebeldía.

Inconforme, el 30 de octubre de 2023, la parte peticionaria instó el recurso de epígrafe y señaló los siguientes errores:

> Erró el Tribunal de Primera Instancia al no anotarle la rebeldía a la parte Querellada y concederle [un] término adicional para presentar su alegación responsiva, una vez determinó que no procedía su solicitud de desestimación, carente de jurisdicción para ello y en contravención a lo dispuesto en la Ley 2[-]1961 y su jurisprudencia interpretativa.

> Erró el Tribunal de Primera Instancia al extender el término jurisdiccional establecido en la Ley 2[-]1961 para el patrono contestar la Querella, careciendo de jurisdicción para ello.

En cumplimiento con nuestra *Resolución* del 1 de noviembre de 2023, la parte recurrida compareció mediante *Oposición a Expedición de Certiorari Conforme la Regla 37 del Reglamento del Tribunal de Apelaciones y en Cumplimiento con la Orden del 1 de noviembre de 2023*, el 6 de noviembre de 2023. Por su parte, el peticionario presentó una réplica el 13 de noviembre de 2023, a la cual duplicó la parte recurrida el 15 del mismo mes y año.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Ahora bien, cuando se recurre de resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia bajo la *Ley de Procedimiento*

*Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* (Ley Núm. 2-1961), nuestra intervención está limitada, toda vez que, de ordinario, la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral. *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496-498 (1999). No obstante, esta norma de autolimitación de revisión contempla una serie de instancias en las cuales una determinación de naturaleza interlocutoria es revisable por este Foro, así como por nuestro Tribunal Supremo. *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 349 (2021). A modo de excepción, los Foros revisores deben mantener y ejercer su facultad para revisar mediante el recurso de *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado a tenor con la Ley Núm. 2-1961, *supra*, en las siguientes instancias: (1) **cuando el foro primario haya actuado sin jurisdicción**; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; y (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Íd.*; *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, pág. 498; *Ortiz v. Holsum*, 190 DPR 511, 517 (2014); *Aguayo Pomales v. R & G Mortg.*, 169 DPR 36, 45-46 (2006). En tales escenarios, el carácter sumario y la celeridad que caracterizan a los procedimientos tramitados bajo el referido estatuto ceden y los Foros apelativos pueden revisar el dictamen interlocutorio recurrido. *Íd.*; *Bacardí Corp. v. Torres Arroyo*, 202 DPR 1014 (2019).

**B**

La Ley Núm. 2-1961, *supra*, establece un procedimiento de naturaleza sumario para aquellos casos que versen sobre reclamaciones de una persona obrera o empleada en contra de su patrono, referentes a cualquier derecho o beneficio, o cualquier suma por concepto de compensación por trabajo o labor realizados, o en ocasión a un despido de su empleo sin justa causa, todo en aras de abreviar los trámites pertinentes a las mismas, de manera que resulte en un proceso menos oneroso para

la persona trabajadora. 32 LPRA sec. 3118; *Peña Lacern v. Martínez Hernández et al.*, 210 DPR 425 (2022); *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020); *Ruiz Camilo v. Trafon Group*, Inc., 200 DPR 254 (2018). Su alcance se extiende a varios estatutos laborales, entre estos, las querellas sobre salarios, beneficios y derechos laborales. *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 265. La naturaleza de esta reclamación exige celeridad en su trámite para, así, cumplir con el fin legislativo de proteger el empleo, desalentar los despidos injustificados y proveer a la persona obrera despedida suficientes recursos económicos entre un empleo y otro. *León Torres v. Rivera Lebrón*, supra. A su vez, el Tribunal Supremo de Puerto Rico ha enfatizado que las disposiciones de la pieza legislativa antes mencionada se deberán interpretar de manera liberal a favor de la persona empleada. Ello, para equiparar la desigualdad de los medios económicos que exista entre las partes. *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 928-929 (2008).

Debido a la celeridad con la que deben encauzarse estos procesos judiciales, se alteraron ciertos términos y condiciones, los cuales, como regla general, rigen la litigación civil en nuestro ordenamiento jurídico procesal. *Díaz Santiago v. PUCPR et al.*, supra, pág. 347. Es decir, la Ley Núm. 2-1961, *supra*, dispone de términos más cortos que los provistos para procedimientos ordinarios. Por lo tanto, los tribunales tienen la obligación de exigir diligencia y prontitud en la tramitación de las reclamaciones bajo dicho estatuto. *Vizcarrondo Morales v. MVM, Inc.*, supra, pág. 929. Sobre ese particular, nuestro más Alto Foro expresó que:

> **[T]anto los tribunales como las partes deben respetar: (1) los términos relativamente cortos dispuestos en el estatuto para contestar la querella; (2) los criterios estrictos para conceder una prórroga para contestar la querella**; (3) el mecanismo especial que flexibiliza el emplazamiento del patrono, y (4) entre otras particularidades provistas por la ley, las limitaciones en el uso de los mecanismos de descubrimiento de prueba. De no hacerlo, el procedimiento se convertiría en ordinario, lo cual sería incompatible tanto con el mandato legislativo de diligencia en el dictamen judicial, como con su carácter reparador. *Íd.* (Énfasis nuestro).

En lo aquí atinente, el patrono, una vez se le notifica mediante copia de la querella en su contra, deberá presentar su contestación por escrito dentro de los diez (10) días siguientes a la notificación, esto si la notificación se hace dentro del mismo distrito judicial. Sección 3 de la Ley Núm. 2-1961, 32 LPRA sec. 3120. Cabe destacar que la parte querellada debe hacer una sola alegación responsiva en la cual deberá incluir todas las defensas y objeciones, entendiéndose que renuncia a todas las que no incluya en dicho escrito, por lo que no podrá enmendar su contestación a la querella parta traer nuevas defensas afirmativas. *Íd.*; *Peña Lacern v. Martínez Hernández et al.*, supra, pág. 435; *Srio. del Trabajo v. J. C. Penny Co., Inc.*, 119 DPR 660, 669-671 (1987).

De otro lado, el patrono puede solicitar una prórroga dentro del plazo dispuesto para contestar en la cual exponga bajo juramento los motivos para ello. 32 LPRA sec. 3120. En ningún otro caso, por mandato legislativo, tendrá jurisdicción el tribunal para conceder esta prórroga. *Vizcarrondo Morales v. MVM, Inc.*, supra, págs. 930-931. Incluso, aun si el patrono cumple con los criterios requeridos para la solicitud de prórroga, el tribunal no está obligado a concederla, ya que esta determinación dependerá de si la parte querellada demostró, mediante la propia moción, la existencia de una causa justificada para la dilación. *Íd.*, pág. 931.

La Ley Núm. 2-1961, *supra*, establece la obligación por parte de los tribunales de emitir una sentencia en rebeldía cuando el patrono incumple con el referido término. Pasado el plazo jurisdiccional para que conteste la querella sin que ello ocurra y sin que haya solicitado prórroga juramentada a esos efectos, nuestro Tribunal Supremo dispuso que, en vista del lenguaje categórico de la Ley en cuestión, un tribunal no tiene discreción para negarse a anotar la rebeldía a un patrono. *Vizcarrondo Morales v. MVM, Inc.*, supra. Así, como norma general, **una vez se extingue el término para contestar la querella "el tribunal está impedido de tomar cualquier otra determinación que no sea anotarle la rebeldía al querellado. A ello queda limitada la jurisdicción del tribunal, según**

**establecido por la Sec. 3 de la Ley Núm. 2, *supra***". *Íd.*, pág. 935. (Énfasis nuestro).

En específico, el Alto Foro revisor expresó que "el tribunal sólo tiene la jurisdicción para anotar la rebeldía y dictar sentencia[;] [e]n estos casos, el tribunal no puede ignorar la letra clara de la Ley Núm. 2, *supra*, y negarse a anotar la rebeldía". *Vizcarrondo Morales v. MVM, Inc.*, supra, pág. 936. La consecuencia de la anotación de rebeldía en un procedimiento sumario es la "concesión del remedio solicitado sin más citarle ni oírle". *Íd.*, pág. 935; 32 LPRA sec. 3120. Ahora bien, precisa aclarar que el hecho de que se haya anotado la rebeldía no es garantía *per se* de una sentencia a favor de la parte querellante. *Íd.*, pág. 937. Como es sabido, al dictarse una sentencia en rebeldía, las alegaciones concluyentes, las conclusiones de derecho y los hechos alegados de forma generalizada no son suficientes para sostener una adjudicación a favor de la parte querellante. *Íd.* Además, los daños generales, entiéndase, las sumas no líquidas reclamadas, tienen que probarse; en todo caso, la cuantía de los daños debe ser objeto de prueba. *Íd.* Por tanto, luego de anotar la rebeldía, el tribunal debe celebrar las vistas que sean necesarias para que la parte querellante sustente sus alegaciones y pruebe los daños reclamados, según las normas que reglamentan los procedimientos en rebeldía. *Íd.* En cuanto a ello, el Tribunal Supremo de Puerto Rico resolvió que:

> [S]egún este estatuto, un tribunal no tiene discreción para negarse a anotar la rebeldía en las circunstancias descritas. No obstante, luego de anotar la rebeldía, el tribunal debe celebrar las vistas que sean necesarias para que el querellante sustente sus alegaciones y pruebe los daños reclamados. Dichas vistas deberán realizarse según las normas que rigen los procedimientos en rebeldía. *Íd.*, págs. 925-926.

De esta normativa general surge el deber inequívoco de los tribunales de dar estricto cumplimiento al procedimiento sumario bajo la Ley Núm. 2-1961, *supra*, por lo cual, carecemos de jurisdicción para conceder prórrogas, ante la inobservancia de los términos que establece dicho estatuto. *León Torres v. Rivera Lebrón,* supra, pág. 31; *Vizcarrondo Morales v. MVM, Inc.,* supra, pág. 930. Solo en casos excepcionales,

nuestro Tribunal Supremo ha justificado flexibilizar la aplicación del procedimiento sumario de la Ley Núm. 2-1961, *supra,* entre ellos, para evitar un fracaso de la justicia. *Vizcarrondo Morales v. MVM, Inc.,* supra.

Cónsono con lo anterior, la Sección 3 de la Ley Núm. 2-1961, *supra*, establece, además, que en los casos tramitados con arreglo a dicho estatuto "se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por esta ley". *Díaz Santiago v. PUCPR et al.*, supra, pág. 348. Es decir, **se recurrirá a las Reglas de Procedimiento Civil, 32 LPRA Ap. V, cuando estas no contravengan lo dispuesto en la Ley Núm. 2-1961,** *supra*, **o prolonguen innecesariamente el carácter sumario del procedimiento**. *Íd.*

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria plantea como su primer señalamiento de error que el Tribunal de Primera Instancia erró al no anotarle la rebeldía a la parte recurrida y concederle un término adicional para presentar su alegación responsiva, carente de jurisdicción para ello y en contravención a lo dispuesto en la Ley Núm. 2-1961, *supra*, y su jurisprudencia interpretativa. Como segundo y último señalamiento de error, la parte peticionaria sostiene que el foro *a quo* incidió al extender el término jurisdiccional establecido en la Ley Núm. 2-1961, *supra*, para el patrono contestar la *Querella*, careciendo de jurisdicción para ello. Sobre ese particular, abunda que de la normativa surge el deber inequívoco del tribunal de darle cabal cumplimiento al procedimiento dispuesto en el citado estatuto. Particulariza que el foro primario carece de jurisdicción para extender el término para contestar una querella incoada al amparo de la referida Ley, a menos que se observen los criterios o normas procesales para la concesión de una prórroga. Sostiene que, al determinar que había adquirido jurisdicción

sobre la parte recurrida, el foro de instancia estaba impedido de tomar cualquier otra determinación que no fuera anotarle la rebeldía a esta.

Hemos evaluado cuidadosamente el expediente ante nuestra consideración y entendemos que, conforme a la normativa aplicable, tenemos autoridad, por la vía de excepción, para atender el asunto ante nuestra consideración, por tratarse de una determinación dictada sin jurisdicción por el Tribunal de Primera Instancia en un procedimiento sumario bajo la Ley Núm. 2-1961, *supra*, y por encontrarnos en la etapa procesal adecuada para intervenir. De igual forma, el recurso ante nos cumple con los criterios de la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, por lo que procede expedir el auto de *certiorari* y revocar el dictamen recurrido. Nos explicamos.

Sabido es que los tribunales tienen la obligación de exigir diligencia y prontitud en la tramitación de las reclamaciones bajo la Ley Núm. 2-1961, *supra*. Tanto los tribunales como las partes deben respetar, en lo pertinente, los términos cortos dispuestos en el citado estatuto para contestar la querella, así como los criterios estrictos para conceder una prórroga a esos efectos. Una vez se extingue el término para contestar la querella sin que el patrono acreditara su alegación responsiva o solicitara una prórroga debidamente fundamentada y juramentada, el Tribunal de Primera Instancia está impedido de tomar cualquier otra determinación que no sea anotarle la rebeldía a la parte querellada. Es decir, el foro primario solo tiene la jurisdicción para anotar la rebeldía y dictar sentencia. Ahora bien, luego de anotar la rebeldía, el tribunal puede celebrar las vistas que sean necesarias para que la parte querellante sustente sus alegaciones y pruebe los daños reclamados, según las normas que reglamentan los procedimientos en rebeldía. En conclusión, los tribunales tienen el deber inequívoco de dar estricto cumplimiento al procedimiento sumario bajo la Ley Núm. 2-1961, *supra*, por lo cual, carecemos de jurisdicción para

conceder prórrogas, ante la inobservancia de los términos que establece dicho estatuto, salvo casos excepcionales.

Del expediente ante nos surge que, una vez diligenciado el emplazamiento, en lugar de contestar oportunamente la acción de epígrafe incoada bajo el procedimiento sumario de la Ley Núm. 2-1961, *supra*, la parte recurrida optó por solicitar la desestimación del caso. En particular, dentro del término jurisdiccional que poseía para acreditar su alegación responsiva o, en la alternativa, solicitar una prórroga conforme exige la normativa actual, instó un petitorio desestimatorio con argumentos dirigidos a impugnar el diligenciamiento del emplazamiento. Ello, en contravención a lo expresamente dispuesto en la precitada Sección 3 de la Ley Núm. 2-1961, *supra*, a los efectos de que debe presentarse una sola alegación responsiva que incluya todas las defensas u objeciones que tenga a bien levantar la parte recurrida.

Ante dicho escenario, y en aras de salvaguardar el propósito principal de la Ley Núm. 2-1961, *supra*, nuestro Tribunal Supremo ha sido enfático en que los tribunales tienen que aplicar rigurosamente los términos taxativos del referido estatuto, a fin de garantizar la sencillez y celeridad de los procedimientos procuradas por la Asamblea Legislativa en los casos de reclamaciones laborales. Conforme a ello, evaluada la moción de desestimación promovida por la parte recurrida, el foro *a quo* debía resolver que el patrono tenía el deber de responder la *Querella* dentro del término jurisdiccional provisto para ello o solicitar una prórroga debidamente fundamentada y juramentada a esos efectos. Vencido el término aplicable sin que el recurrido presentara alguno de los mencionados escritos, el foro de instancia debía anotar la rebeldía de dicha parte, a tenor con lo dispuesto por la Ley Núm. 2-1961, *supra*, y su jurisprudencia interpretativa.

En las particulares fácticas de esta controversia, el foro recurrido carecía de jurisdicción y discreción para extender el término jurisdiccional de diez (10) días para que el patrono sometiera su alegación responsiva. Al así obrar, derrotó el fin perseguido por el procedimiento sumario

consagrado en la Ley Núm. 2-1961, *supra*. Es decir, el proceder del foro primario es incompatible con la finalidad del proceso mismo e incide, a su vez, con el postulado de nuestro ordenamiento procesal civil que busca garantizar una solución justa, rápida y económica de todo procedimiento, incluyendo el sumario laboral. Regla 1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 1. Acorde con lo antedicho, en el caso de autos procedía anotar la rebeldía de la parte recurrida. En conclusión, se cometieron los errores señalados.

En vista de lo anterior, concluimos que el Tribunal de Primera Instancia incidió en su proceder, por lo que se hace necesaria nuestra intervención en esta etapa de los procedimientos, pues este actuó sin jurisdicción y lo contrario podría resultar en un fracaso irremediable de la justicia. Por consiguiente, y al amparo de lo dispuesto en nuestro ordenamiento jurídico, procede la expedición del auto de *certiorari* y la revocación de la *Resolución y Orden* recurrida.

**IV**

Por los fundamentos que anteceden, expedimos el auto de *certiorari*, revocamos el dictamen recurrido y devolvemos el caso al foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones